UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TATIANA M. SEPULVEDA, on behalf of
N.A.S.,

    Plaintiff,

v.                                                     Case No: 8:18-cv-2542-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff, Tatiana M. Sepulveda, on behalf of N.A.S. ("Claimant"), her minor child, seeks judicial review of the denial of her claim for supplemental security income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.    Procedural Background

On March 5, 2012, Plaintiff filed an application for SSI on Claimant's behalf. (Tr. 189–98.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 107–08, 117–19.) Plaintiff then requested an administrative hearing. (Tr. 123–24.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff and Claimant appeared and testified. (Tr. 43–77.) Following the hearing, the ALJ issued an unfavorable decision finding Claimant not disabled and accordingly denied Claimant's claim for SSI benefits. (Tr. 23–36.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–3.) Plaintiff then filed a Complaint with this Court. (Tr. 729–30.)

Upon review, the Court found that the ALJ erred in affording little weight to the opinion of treating physician Jordan Samter, M.D. (Tr. 741–746.) Accordingly, the Court remanded for further consideration of Dr. Samter's opinion. (Tr. 746.) On remand, the Appeals Council vacated the decision of the Commissioner and remanded to the ALJ for further proceedings. (Tr. 781.) On remand from the Appeals Council, the ALJ held a new administrative hearing, at which Plaintiff appeared and testified. (Tr. 700–28.) Following the hearing, the ALJ issued an unfavorable opinion once again finding Claimant not disabled. (Tr. 661–76.) Plaintiff then filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Claimant, who was born in 2003, is alleging disability beginning on March 19, 2004. (Tr. 661.) Claimant was a school-age child on the date the application was filed and an adolescent at the time of the ALJ's opinion on remand. (Tr. 664.) Plaintiff alleged Claimant's disability due to autism, epilepsy, and asthma. (Tr. 190.)

In rendering the decision, the ALJ concluded that Claimant had not performed substantial gainful activity since March 5, 2012 the application date. (Tr. 664.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Claimant had the following severe impairments: "autism spectrum disorder, history of articulation disorder, and history of rare absent seizures, well controlled." (Tr. 664.) Notwithstanding the noted impairments, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing"). (Tr. 664.) The ALJ then concluded that Claimant did not have an impairment or combination of impairments that functionally equals the severity of the listings. (Tr. 665.) In making this

determination, the ALJ concluded that Claimant has less than marked limitation in acquiring and using information, attending and completing tasks, moving about and manipulating objects, caring for himself, and his health and physical well-being, and that Claimant has marked limitation in interacting and relating with others. (Tr. 669–75.) Accordingly, the ALJ found Claimant not disabled. (Tr. 676.)

## APPLICABLE STANDARDS

An individual younger than the age of eighteen is considered to be disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations and that can be expected to result in death or that has lasted, or can be expected to last, for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C)(i).

Child disability claims are assessed under a three-step sequential analysis. 20 C.F.R. § 416.924(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; and (3) whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals a Listing. *Id.*

To "meet" a Listing, a child must actually suffer from the limitations specified in the Listing. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004). To "medically equal" the limitations found in a Listing, the child's limitations must be "at least of equal medical significance to those of a listed impairment." *Id.* (citing 20 C.F.R. § 416.926). Alternatively, if a child's impairment does not meet or medically equal a Listing, a child may nonetheless be found disabled if the child's impairment "functionally equals" a Listing, which is determined by the extent to which the impairment limits the child's ability to function in the following six domains of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5)

caring for oneself; and (6) health and physical well-being. *Id.*; 20 C.F.R. § 416.926a(b)(1)(i)–(vi). A child's limitations "functionally equal" those in the Listings, and thus constitute a disability, if the child's limitations are "marked" in two of the six domains or are "extreme" in one of the six domains. 20 C.F.R. § 416.926a(a), (d). A child's limitation is "marked" when it is "more than moderate" but "less than extreme." *Id.* § 416.926a(e)(2)(i). A marked limitation "interferes seriously" with a child's "ability to independently initiate, sustain, or complete activities." *Id.* An "extreme" limitation is a limitation that is "more than marked" and "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3)(i).

A determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining

whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in affording little weight to the opinion of treating physician Dr. Samter; and (2) the ALJ erred in finding that Claimant's impairments do not functionally equal a Listing. For the reasons that follow, neither contention warrants reversal.

### A. Dr. Samter's Opinion

An ALJ will give controlling weight to the medical opinion of a treating physician if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If an ALJ does not give the treating physician's medical opinion controlling weight, the ALJ will apply the following factors to determine what weight to give the medical opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) evidentiary support of the medical opinion; (4) consistency of the opinion with the record as a whole; (5) whether or not the opinion was rendered by a specialist; and (6) any other factors brought to the attention of the ALJ to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2).

The opinion of a treating physician is generally given more weight; however, an ALJ may disregard or discount a treating physician's opinion for good cause. *Id.*; *see Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding;

or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)). The ALJ must clearly articulate the reasons for discounting a treating physician's opinion. *Hantzis v. Comm'r of Soc. Sec.*, 686 App'x. 634, 636 (11th Cir. 2017). "When the ALJ's articulated reasons for assigning limited weight to a treating physician's opinion are supported by substantial evidence, there is no reversible error." *Id.* at 636–37. Accordingly, the Court's review of this issue is limited to determining whether the ALJ articulated good cause for giving little weight to the treating source's opinions, and whether substantial evidence supports the ALJ's reasons for doing so. *See Gonzalez v. Comm'r of Soc. Sec.*, No. 8:16–cv–1646–T–JSS, 2017 WL 4054510, at *3 (M.D. Fla. Sept. 14, 2017).

In this case, Dr. Samter opined that Claimant has marked limitations in all six domains. (Tr. 575, 667.) Dr. Samter stated that his opinion was "supported by the claimant's diagnosis of autism. He added the claimant was in an autistic school, participated in speech and occupational therapy, and required his mother's care for life skills." (Tr. 667.) However, the ALJ gave little weight to Dr. Samter's opinion, finding that Dr. Samter's opinion was "based more on subjective allegations rather than objective findings" and that the objective evidence, including Dr. Samter's own treatment records, do not support Dr. Samter's opinion. (Tr. 667–68.) This is good cause to discredit Dr. Samter's opinion. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (finding good cause to discredit a treating physician's opinion because it was "inconsistent with his own treatment notes, unsupported by the medical evidence, and appear[ed] to be based primarily on [the claimant's] subjective complaints of pain").

Additionally, the ALJ's findings are supported by substantial evidence. The ALJ noted that Dr. Samter's checkups showed that Claimant "was a physically well child with no

abnormalities on physical, neurological, or psychiatric evaluations." (Tr. 667.) The ALJ also noted that "[s]chool records, as well as speech and occupational therapy records, show improvement in academics, behavior, and motor movements with medication and therapy." (Tr. 667.) Moreover, the ALJ relied on the state agency consultants' opinions that Claimant has "less than marked limitations in all domains" (Tr. 667). *See Carson v. Comm'r of Soc. Sec. Admin.*, 300 F. App'x 741, 743 (11th Cir. 2008) (affirming the rejection of a treating physician's opinion because other evidence, including "state agency medical consultant reports" contradicted the opinion); *see also Cruz v. Comm'r of Soc. Sec. Admin.*, 406 F. Supp. 3d 1337, 1340 (M.D. Fla. 2019) (explaining that the "opinions of state agency physicians can outweigh the contrary opinion of a treating physician if that opinion has been properly discounted") (internal quotations omitted). Further, as discussed further below, substantial evidence supports the ALJ's findings that the Claimant has lower limitations than those articulated by Dr. Samter. *See Williams v. Comm'r, Soc. Sec. Admin.*, 580 F. App'x 732, 734 (11th Cir. 2014) (explaining that "the ALJ may reject the opinion of *any* physician when the evidence supports a contrary conclusion") (emphasis in original).

### B. Listings

Contrary to Dr. Samter's opinion, the ALJ found that Claimant has less than marked limitations in acquiring and using information and in attending and completing tasks. (Tr. 669–71.) Plaintiff argues that these findings are not supported by substantial evidence. (Dkt. 19 at 19–24.)

#### 1. Acquiring and Using Information

The regulations provide that the domain of acquiring and using information evaluates how well a child acquires and learns information, as well as the efficacy of the child's use of learned

information.  20 C.F.R. § 416.926a(g).  School-aged children (ages six to twelve), "should be able to learn to read, write, and do math, and discuss history and science" and "use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing [the child's] own ideas, and by understanding and responding to the opinions of others."  *Id.* § 416.926a(g)(iv).  Adolescents (ages twelve to eighteen) should "continue to demonstrate what [they] have learned in academic assignments" and "should be able to comprehend and express both simple and complex ideas, using increasingly complex language (vocabulary and grammar) in learning and daily living situations (e.g., to obtain and convey information and ideas)."  *Id.* § 416.926a(g)(v).  Nonexclusive examples of limitations in acquiring and using information are a child's failure to understand words about space, size, or time, inability to rhyme words or sounds, difficulty recalling important things learned at school the prior day, difficulty solving math questions, and speaking in short, simple sentences.  *Id.* § 416.926a(g)(3)(i)–(v).

Substantial evidence supports the ALJ's finding that Claimant has less than marked limitations in acquiring and using information.  Dr. Samter's own notes in 2014 indicate that Claimant had "[g]ood school performance," and was "reading and doing math at grade level." (Tr. 634.)  As the ALJ noted, Claimant's grades continued to improve, and Claimant earned A's and B's in the 2015 to 2016 school year.  (Tr. 670, 890.)  In the 2017 to 2018 school year, Claimant's teachers described him as "extremely smart," "a wonderful student," a "diligent, conscientious worker," and an "engaged, attentive student."  (Tr. 910.)  Claimant's case manager at his school noted that Claimant has a "hard time processing information" but described Claimant as extremely focused on his grades, his grade point average, his future, and college credit.  (Tr. 937.)  The ALJ

noted that Claimant's "most recent report card shows he earned straight A's, made the high honor roll, and was on track to receive a standard high school diploma. (Tr. 670, 891, 937.)

### 2. Attending and Completing Tasks

The domain of attending and completing tasks examines a child's ability to focus and maintain attention and finish activities at an appropriate pace. *Id.* § 416.926a(h). School-aged children "should be able to focus [ ] attention in a variety of situations in order to follow directions, remember and organize [ ] school materials, and complete classroom and homework assignments." *Id.* § 416.926a(h)(2)(iv). Adolescents "should be able to pay attention to increasingly longer presentations and discussions, maintain [ ] concentration while reading textbooks, and independently plan and complete long-range academic projects," and "be able to organize [their] materials and to plan [their] time in order to complete school tasks and assignments." *Id.* § 416.926a(h)(2)(v). Nonexclusive examples demonstrating limitations in attending and completing tasks are the child's requiring extra supervision or being easily startled, distracted, overreactive, sidetracked, distracting to others, easily frustrated, and quick to quit tasks. *Id.* § 416.926a(h)(3)(i)–(v).

Substantial evidence supports the ALJ's finding that Claimant has less than marked limitations in attending and completing tasks. The ALJ noted that in 2012, Claimant's "teachers opined he had no problems to a slight problem in attending and completing tasks." (Tr. 671.) Then, in the 2013 to 2014 school year, Claimant's teachers stated that he "had a slight problem to a serious problem in this area." (Tr. 671.) However, neurological evaluations in 2012 and 2016 noted that he had "relatively good attention span" and "normal concentration for [his] age." (Tr. 494, 1197.) In October of 2016, Dr. Sergio Jacinto noted that Claimant had "no hyperactivity or impulsivity but [was] clearly distracted." (Tr. 1192.) In the 2017 to 2018 school year, Claimant's

teachers described him as a "diligent, conscientious worker," and an "engaged, attentive student." (Tr. 910.)

Plaintiff maintains that the record evidence demonstrates that Claimant is more impaired than found by the ALJ. (Dkt. 19 at 19–24.) However, the Court's scope of review is limited; this Court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see also Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) ("Even if the evidence preponderates against the Secretary's factual findings, we must affirm if the decision reached is supported by substantial evidence."). Here, substantial evidence supports the ALJ's decision that Claimant's limitations did not functionally equal a Listing, although evidence in the record shows that Claimant has limitations in acquiring and using information and in attending and completing tasks. *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852 (11th Cir. 2015) (affirming the ALJ's decision that a child's limitations were less than marked even though the evidence showed that the child "suffers from some limitation in the area of acquiring and using information and requires support in the academic sphere"); *Dunlop v. Comm'r of Soc. Sec.*, 518 F. App'x 691, 693 (11th Cir. 2013) (concluding that substantial evidence supported the ALJ's decision that a child's limitations did not functionally equal a Listing even if evidence suggested that the child's impairments were more severe than the ALJ determined).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on February 12, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record